IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Oscar Lee Sykes, | ) Civil Action No. 4:04-2329-RBH |
| ) | |
| Plaintiff, | ) |
| ) | |
| vs. | ) |
| ) | |
| Horry County, Detention Center (J. Reuben Long), | ) **O R D E R** |
| Director: Mr. Tom Fox, Cpt. Susan Safford, | ) |
| and Lt. A. Cunningham, | ) |
| ) | |
| Defendants. | ) |
| _____ ) | |

The plaintiff, a former pretrial detainee who was housed at the Horry County Detention Center/ J. Reuben Long Detention Center ("JRLDC"), filed this action *pro se* on July 26, 2004, alleging constitutional violations pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. On July 8, 2005, the defendants filed a motion for summary judgment. As the plaintiff is proceeding *pro se*, the Magistrate Judge issued an Order on July 11, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing the plaintiff of the defendants' motion for summary judgment and the possible consequences if he failed to adequately respond. The plaintiff filed a response in opposition to the defendants' motion for summary judgment on July 28, 2005. The plaintiff also filed a motion for preliminary injunction on October 31, 2005. Defendants filed a response in opposition to the motion for preliminary injunction on November 11, 2005.

1

On February 24, 2006, the Magistrate Judge issued a comprehensive and detailed Report and Recommendation which recommends to this court that the defendants' motion for summary judgment be granted in its entirety. Specifically, the Magistrate Judge finds that the plaintiff has failed to show that the defendants violated any of his constitutional or statutory rights under 42 U.S.C. § 1983. The Magistrate Judge further recommends to this court that the plaintiff's motion for preliminary injunction be denied. On March 6, 2006, the plaintiff filed objections to the Magistrate Judge's Report and Recommendation.

The Magistrate Judge only makes a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Matthews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

As stated above, the plaintiff has filed objections to the Magistrate Judge's Report and Recommendation. They are as follows:

**Counsel of Record**

The plaintiff's objections are replete with statements regarding the validity of the defendants' motion for summary judgment. Essentially, the plaintiff argues that the defendants' motion for summary judgment is "null and void" because the motion for summary judgment was drafted and filed by Attorney E. Lloyd Willcox, II. The plaintiff argues that counsel for the defendants in this case is

Attorney Marian H. Lee, and that she has never withdrawn her appearance from this case pursuant to Local Rule 83.I.07, D.S.C. The plaintiff argues that Attorney Marian H. Lee must withdraw her appearance before Attorney E. Lloyd Willcox, II, can appear and file a motion for summary judgment.

The plaintiff also indicates in his objections that he has filed a motion to strike the defendants' "unauthorized" motion for summary judgment on the same grounds mentioned above and a motion to "disqualify defendants' unauthorized counsel E. Lloyd Willcox, II." The plaintiff objects to the Magistrate Judge issuing a Report and Recommendation regarding the defendants' motion for summary judgment prior to ruling on his motions.

Contrary to the plaintiff's argument, Attorney E. Lloyd Willcox, II, is counsel of record in this case. Both Attorney E. Lloyd Willcox, II, and Attorney Marian H. Lee work for the law firm of Wilcox, Buyck, and Williams, and both represent the defendants in this case. Therefore, this court finds the plaintiff's objections in this regard to be without merit.

**Discovery Requests**

The plaintiff also objects to the Magistrate Judge issuing a Report and Recommendation regarding the defendants' motion for summary judgment because he alleges the defendants have failed to produce his discovery requests. In his objections, the plaintiff refers to his "discovery request letter 1, 2, 3, and plaintiff's motion for discovery, as well as motion for production of documents, which the Magistrate Judge denied."

The court notes that the record in this case reflects that on February 17, 2005, the plaintiff filed a motion to compel discovery. On March 14, 2005, Magistrate Judge Rogers issued an Order finding the plaintiff's motion to compel discovery moot. The Magistrate Judge noted that on March 7, 2005, the defendants filed a copy of their answers to the plaintiff's discovery/request to produce. The

Magistrate Judge stated in the Order dated March 15, 2005, that should the plaintiff conclude that his motion has not been satisfied, the plaintiff will be able to re-file a motion to compel. The record reflects that the plaintiff did not re-file a motion to compel.

For the above reasons, this court finds the plaintiff's objections in this regard are without merit. As stated above, the Magistrate Judge gave the plaintiff an opportunity to re-file his motion to compel if the defendants' responses were not satisfactory. The plaintiff did not do so. Likewise, pursuant to 28 U.S.C. § 636(b)(1)(A), the plaintiff could have filed a motion to reconsider with this court for review of the Magistrate Judge's ruling regarding the motion to compel, which he did not.

**Conditions of Confinement**

The Magistrate Judge notes in the Report and Recommendation that the plaintiff alleges numerous allegations with regard to his conditions of confinement at the JRLDC. After analyzing the applicable law regarding confinement conditions of pretrial detainees, the Magistrate Judge concludes in the Report that assuming *arguendo*, that the court were to find constitutional violations based on conditions of confinement, the plaintiff has failed to show a significant injury as a result of the alleged violations. Therefore, the Magistrate Judge recommends to this court that summary judgment for the defendants be granted on the conditions of confinement claims.

In the objections, the plaintiff argues that he has set forth sufficient evidence from medical records of the Conway Hospital to show injury on two separate occasions. Specifically, the plaintiff refers to "1) back injury which was buise [sic], and swelling and tenderness, and 2) insect bites which the plaintiff had to be hospitalized for . . . ." The plaintiff also refers to "medical records from the states [sic] mental hospital (Just Care) of Medis [sic], of Zyprexa, and Prolyxcin . . . ." The plaintiff argues that these records show the serious physical and emotional damage he has suffered. The plaintiff also

alleges that he sustained "serious physical and mental emotional damage from the long suffered endurance of the inhuman treatment by the defendants with the intent to punish and harm the plaintiff."

The Magistrate Judges notes in the Report, that the plaintiff alleges in his response to the motion for summary judgment that he slipped on water while in shackles and fell hitting his head. Furthermore, the plaintiff provided a copy of the nurse's notes from the JRLDC and a copy of the emergency room report from Conway Hospital. The Magistrate Judge notes in the Report, that the plaintiff was taken to the emergency room where it was noted that the CT Scan was normal and plaintiff had no abrasions or hematomas and his extremities had no tenderness or swelling. Plaintiff was released with Motrin for pain as needed. Further, the Magistrate Judge states that the medical notes from the JRLDC reveal that when plaintiff returned from the hospital, he was observed walking without difficulty and did not have any further complaints. The Magistrate Judge also notes that the plaintiff alleged in one sentence in his response that he had to have mental treatment due to the conditions at JRLDC but did not elaborate or provide any records from any mental health facility to support his allegations.

However, this court notes that the plaintiff has referenced in the numerous affidavits which he has filed in this case, that in essence, he has received mental health treatment and hospitalization as a result of the totality of the conditions. The court has not been provided with those records, however, the plaintiff's affidavits indicate such treatment. As, such, this court finds that while the individual incidents the plaintiff refers to may not establish more than a *de minimis* injury standing by themselves, the court is concerned with the plaintiff's allegations of mental injury or otherwise allegedly resulting from the totality of the alleged conditions the plaintiff claims he was subjected to at the facility in question. Therefore, this court finds that it is proper to recommit this cause to the Magistrate Judge for further consideration of the conditions of confinement claim.

**JRLDC**

The Magistrate notes in the Report and Recommendation that inasmuch as the plaintiff's complaint requesting an award of damages against the JRLDC, the Detention Center is not a "person" for purposes of the suit under 42 U.S.C. § 1983. In the Report, after analyzing the applicable case law, the Magistrate Judge states that monetary relief requested against the JRLDC cannot be granted. Therefore, the Magistrate Judge recommends that summary judgment be granted with respect to Defendant JRLDC.

The plaintiff states that he objects to the Magistrate Judge's finding in this regard, "do [sic] to the fact that the plaintiff has not sued a building but simply named the agency in which the defendant work [sic] for, in order to give reference to the fact that the defendants can be sued in their individual capacity as for purpose [sic] of 42 U.S.C. § 1983."

This court finds that the plaintiff's objection in this regard is not actually an objection. The plaintiff admits that he did not intend to sue a building.[1]  Therefore, the court finds the objection in this regard is without merit and concurs in the Magistrate Judge's conclusion that summary judgment should be granted with respect to Defendant JRLDC.

**Custody Classification**

The Magistrate Judge notes in the Report that the plaintiff asserts in his complaint that he was unjustly held in the maximum security unit. The Magistrate Judge also notes that the defendants assert that the plaintiff was a disciplinary problem and under the inmate handbook, an inmate may be

---

[1] To the extent the plaintiff intended to sue the municipality of Horry County, the court notes that he has not alleged in his complaint, nor provided any evidence, that any alleged constitutional violation was directly caused by an official policy, practice, or custom of Horry County.  See Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978).

permanently assigned to maximum security. Thus, the defendants assert that the plaintiff is a security risk and a threat to the staff at JRLDC.

In the Report, after thoroughly analyzing the applicable law, the Magistrate Judge states that based on the review of an affidavit and the fact that the defendants assert plaintiff was a security risk, it appears that the plaintiff, through his own actions, caused his custody classification to be in the maximum security. The Magistrate Judge concludes that the plaintiff has failed to show that the conditions amount to punishment due to his disciplinary problems while at the JRLDC. The Magistrate Judge further concludes that the defendants have stated a legitimate non-punitive purpose, safety and security, to justify having the plaintiff held in the maximum security unit. The Magistrate Judge also notes that the plaintiff is no longer housed at the JRLDC. Therefore, the Magistrate Judge concludes that the plaintiff's claim fails on this issue and recommends to this court that summary judgment be granted in favor of the defendants.

In the objections, the plaintiff simply states that he objects to the Magistrate Judge's Report and Recommendation "do [sic] to the fact that plaintiff has set forth sufficient evidence of his claim of unjust detainment in the JRL maximum security unit . . . ."

This court finds that the plaintiff's objection in this regard is without merit. The plaintiff simply makes a vague statement and points to no specific finding of the Magistrate Judge's Report. Therefore, the court finds this objection does not meet the specificity requirement outlined in Rule 72(b) of the Federal Rules of Civil Procedure.

### Eleventh Amendment Immunity

In the Report, the Magistrate Judge concludes that the defendants were state officials acting in their official capacities while employed at JRLDC. The Magistrate Judge notes that since this is a

lawsuit against state officials, it is recommended that they are entitled to Eleventh Amendment immunity. Based on his review of the complaint, the Magistrate Judge concludes that it appears that the plaintiff is suing the defendants in their official capacity. Therefore, he recommends that summary judgment be granted for the defendants with regard to this issue.

In the objections, the plaintiff states that he objects to the Magistrate Judge's finding with regard to this issue, "do [sic] to the fact that in this case it is not specifically addressed by the plaintiff as to what capacity the defendants are sued in, the defendants can be sued in their individual capacity under 42 U.S.C. § 1983."

This court finds that based on the record before it in the case, it cannot concur at this time in the Magistrate Judge's conclusion that the defendants are entitled to Eleventh Amendment immunity. It must be noted that sovereign or Eleventh Amendment immunity bars suits directly against a state or its agencies. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 58 (1996). However, suits against municipal corporations and local government bodies are not barred by the Eleventh Amendment. Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978); see also Carter v. Barker, 225 F.3d 653 (4th Cir.2000) (the Eleventh Amendment does not protect local government entities); Maryland v. Antonelli Creditors' Liquidating Trust, 123 F.3d 777, 786 (4th Cir.1997) ("[i]t has long been the law that the Eleventh Amendment does not bar suits in federal court against political subdivisions of the state."). On the other hand, it is true that in South Carolina, sheriffs and sheriff's deputies are state, not county officials, and are immune from suit in their official capacity by virtue of the Eleventh Amendment. Gulledge v. Smart, 691 F. Supp. 947, 954-55 (D.S.C. 1988), *aff'd*, 878 F.2d 379 (4th Cir. 1989).

Therefore, if the individual defendants in this case are sheriff deputies, they would be entitled to Eleventh Amendment immunity to the extent they are sued in their official capacities. If the individual defendants in this case are in fact employees of Horry County, they would not be considered state actors and would not be entitled to Eleventh Amendment immunity from suit in their official capacities. However, the court must note that to the extent the individual defendants are employees of Horry County and were sued only in their official capacities, then it would be proper to dismiss them, because such would be the equivalent of suing Horry County, and as mentioned above in footnote one (1), Horry County is not a proper defendant. Therefore, regardless of who the individual defendants were working for (i.e., Horry County or the Sheriff's Department), a suit against them in their official capacities is not proper.

While it is not clear whether the individual defendants were sued in both their official and individual capacities, the court notes that *pro se* complaints are generally afforded liberal construction,[2] and therefore, the court will treat the complaint as alleging both. In fact, in the defendants' memorandum in support of the motion for summary judgment, the defendants concede they are being sued in both their official and individual capacities.

To that extent, the court must then determine whether the individual defendants are entitled to qualified immunity. The Magistrate Judge's Report and Recommendation is silent on this issue as it was assumed that the Eleventh Amendment immunity applied in this case and the Magistrate Judge erroneously believed the defendants had only been sued in their official capacities. Therefore, this court finds that it is proper to recommit this cause to the Magistrate Judge for further consideration of the issue of qualified immunity.

---

[2] See Gordan v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

**Plaintiff's Motion for Preliminary Injunction**

The Magistrate Judge notes in the Report and Recommendation that the plaintiff has filed a motion for injunctive relief seeking "legal materials or ink pen's [sic], legal pad-writing paper, typing paper, legal mailing envelope's [sic], regular mailing envelopes for legal purpose [sic], stapler and staple [sic]." The Magistrate Judge also notes the defendants have filed a response in opposition to the motion arguing that the plaintiff is not entitled to unlimited amount of supplies, but the only reasonable access to courts. After analyzing the applicable law, the Magistrate Judge concludes that the plaintiff's motion for injunctive relief should be denied.

The plaintiff's objection essentially states that the plaintiff has come forward with an affidavit to the court explaining that he did not have legal materials while in custody of the defendants. The plaintiff argues that the fact he had not been granted any of the requested legal materials during this litigation, "clearly shows this Magistrate's hand and face of prejudice toward the plaintiff in this 42 U.S.C. § 1983 civil action."

This court finds that the plaintiff's objection in this regard is without merit. The court notes that the plaintiff's objection fails to meet the specificity requirement of Rule 72(b) of the Federal Rules of Civil Procedure. Plaintiff has not pointed to any specific conclusion or recommendation of the Magistrate Judge regarding his motion for preliminary injunction, therefore, the court finds that the objection in this regard is without merit. Additionally, this issue would appear to be moot as he plaintiff is no longer housed at this facility.

After carefully reviewing the Report, objections, pleadings, memoranda and applicable law, the court adopts the Magistrate Judge's Report and Recommendation [Entry # 67] in part. The plaintiff's objections to the Report are hereby overruled in part and sustained in part. Accordingly, the defendants'

motion for summary judgment [Entry # 35] is **GRANTED** in part and temporarily **DENIED** in part, and the plaintiff's motion for preliminary injunction [Entry # 43] is **DENIED**.  For the reasons stated above, this court recommits this matter to the Magistrate Judge for further consideration of the issue of condition of confinement and injury and the separate issue of qualified immunity.

**AND IT IS SO ORDERED**.

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

March 31, 2006
Florence, South Carolina