IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Oscar Lee Sykes, | ) | Civil Action No. 4:04-2329-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Horry County, Detention Center (J. Reuben Long), | ) | **O R D E R** |
| Director: Mr. Tom Fox, Cpt. Susan Safford, | ) | |
| and Lt. A. Cunningham, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, a former pretrial detainee who was housed at the Horry County Detention Center/ J. Reuben Long Detention Center ("JRLDC"), filed this action *pro se* on July 26, 2004, alleging constitutional violations pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. On July 8, 2005, the defendants filed a motion for summary judgment. As the plaintiff is proceeding *pro se*, the Magistrate Judge issued an Order on July 11, 2005, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), informing the plaintiff of the defendants' motion for summary judgment and the possible consequences if he failed to adequately respond. The plaintiff filed a response in opposition to the defendants' motion for summary judgment on July 28, 2005. The plaintiff also filed a motion for preliminary injunction on October 31, 2005. Defendants filed a response in opposition to the motion for preliminary injunction on November 11, 2005.

On February 24, 2006 the Magistrate Judge issued a comprehensive and detailed Report and Recommendation which recommended to this court that the defendants' motion for summary judgment

be granted in its entirety.  Specifically, the Magistrate Judge found that the plaintiff had failed to show that the defendants violated any of his constitutional or statutory rights under 42 U.S.C. § 1983.  The Magistrate Judge further recommended to this court that the plaintiff's motion for preliminary injunction be denied.  On March 6, 2006, the plaintiff filed objections to the Magistrate Judge's Report and Recommendation.

On March 31, 2006 this court entered an Order which adopted the Magistrate Judge's Report and Recommendation in part, and therefore, the defendants' motion for summary judgment was granted in part.  Additionally, the plaintiff's motion for a preliminary injunction was denied.  The court recommitted this case to the Magistrate Judge for further consideration of two (2) specific issues: (1) conditions of confinement and injury; and (2) qualified immunity.

After this court issued its March 31, 2006 Order, the Magistrate Judge issued an Order on June 23, 2006 in which the parties were given twenty (20) days to submit any additional memoranda and information, including but not limited to, affidavits, medical records, exhibits, and argument with regard to the plaintiff's claim regarding conditions of confinement and the issue of qualified immunity.  The defendants were granted a couple of extensions and then filed a supplemental memoranda with exhibits. The plaintiff filed a response in opposition.

On August 25, 2006 the Magistrate Judge issued a Supplemental Report and Recommendation which recommends to this court that the defendants' motion for summary judgment regarding the plaintiff's allegations concerning conditions of confinement be granted.  The Magistrate Judge also

2

finds that it is not necessary to reach the issue of qualified immunity.[1]  The plaintiff filed objections to the Supplemental Report and Recommendation on September 8, 2006.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a *de novo* determination of any portions of the Report and Recommendation of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

As noted above, the plaintiff  filed objections to the Magistrate Judge's Supplemental Report and Recommendation.  In order for objections to be considered by the undersigned, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  Fed.R.Civ.P. 72(b); see United States v. Schronce, 727 F.2d 91, 94 n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-47 nn. 1-3 (4th Cir. 1985). "Courts have [ ] held *de novo* review to be unnecessary in [ ] situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

---

[1] The Magistrate Judge also recommends to this court that the plaintiff's motion for summary judgment be denied; plaintiff's motion for temporary restraining order be deemed moot; and plaintiff's motion to proceed *in forma pauperis* in the Fourth Circuit be dismissed.

3

The plaintiff's objections are quite lengthy, however, they are primarily a restatement and expansion of the claims made in his initial complaint and are a rehashing of issues not specifically dealt with in the Magistrate Judge's Supplemental Report and Recommendation. For instance, the plaintiff devotes a great part of his objections to the issue concerning the alleged disqualification of E. Lloyd Wilcox as counsel for the defendants and how this allegedly renders all of the defendants' motions null and void. However this court previously ruled on that issue in its March 31, 2006 Order and found the plaintiff's objections in this regard to be without merit.

Even after applying a liberal construction to the plaintiff's pleading, there are no instances where the plaintiff's objections can be viewed as referencing specific findings of the Supplemental Report and Recommendation. The plaintiff's objections are simply a great deal of general and conclusory statements. As such, this court is not required to give an explanation for adopting the Magistrate Judge's recommendation.

However, out of an abundance of caution, this court will briefly examine the outstanding issue of the plaintiff's claims regarding conditions of confinement. In this court's previous Order, it was noted that the plaintiff had referenced numerous affidavits in which he had received mental health treatment and hospitalization allegedly as a result of the totatality of the conditions. As such, this court found that while the individual incidents the plaintiff referred to may not establish more than *de minimus* injury standing by themselves, the court was concerned with the plaintiff's allegations of mental injury or otherwise allegedly resulting from the totality of the alleged conditions the plaintiff claims he was subjected to at the facility in question. In the Supplemental Report and Recommendation, after reviewing the supplemental evidence regarding the plaintiff's mental health,

4

the Magistrate Judge concludes that the plaintiff has not established a causal connection between the conditions of confinement at JRLDC and his treatment for mental health.

In the objections, the plaintiff makes many general and conclusory statements regarding his treatment for mental health and how such relates to his conditions of confinement.  For example, the plaintiff states on page 8 of his objections that he "was hospitalized on several occasions from these conditions of confinement imposed upon the plaintiff.  <u>See</u> Plaintiff's hospital records from Conway Hospital.  In fact, get plaintiff's entire case file and view for your self, the evidence is overwhelming on violating conditions of confinement."

However, after reviewing the supplemental Report, medical records, and supplemental memoranda, this court concurs with the Magistrate Judge's conclusions that the plaintiff has not established a causal connection between the conditions of confinement at JRLDC and his treatment for mental health and that there is no evidence that a constitutional  injury occurred.

After reviewing the Supplemental Report, objections, pleadings, memoranda, and applicable law, the court finds, for the reasons stated above, that the plaintiff's objections are without merit.  Therefore, **IT IS HEREBY ORDERED** that the Magistrate Judge's Supplemental Report and Recommendation [Entry #103] is **ADOPTED** and incorporated herein by reference and the plaintiff's objections [Entry # 104] are **OVERRULED**.  Accordingly, the defendants' motion for summary judgment [Entry # 35] is **GRANTED**.  The plaintiff's motion for summary judgment [Entry # 48] is **DENIED**.  The plaintiff's motion for temporary restraining order [Entry # 65] shall be deemed **MOOT**.

Furthermore, the plaintiff's motion to proceed *in forma pauperis* in the Fourth Circuit is **DISMISSED**

[Entry # 71].[2]

      **IT IS SO ORDERED.**

            s/ R. Bryan Harwell
            R. Bryan Harwell
            United States District Judge

September 28, 2006
Florence, South Carolina

---

[2] The court notes that the plaintiff indicates in his objections that he has filed this motion with the Fourth Circuit and only sent it to the District Clerk for purposes of providing this court with a courtesy copy.

6